78 F.3d 604
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mario G. CALUZA, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7063.
 United States Court of Appeals, Federal Circuit.
 Feb. 12, 1996.
Rehearing Denied May 1, 1996.
 
 Before ARCHER, Chief Judge, LOURIE and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Mario G. Caluza seeks review of the April 12, 1995 decision of the United States Court of Veterans Appeals ("CVA"), which affirmed the February 25, 1993 decision of the Board of Veterans' Appeals denying Caluza's claim for compensation based on service connection for residuals of a shell fragment wound in his right leg. Because Caluza has not demonstrated any error in the CVA's decision, we affirm.
 
 DISCUSSION
 
 2
 Caluza served in active duty in the Philippine Army from November 1944 to November 1945. A September 1945 service medical record did not indicate that Caluza suffered any injuries during his military service. Similarly, an affidavit signed by Caluza in August 1947 indicated that he had not received any wounds during his service.
 
 
 3
 In August 1987, Caluza filed an application for service-connected compensation for a shrapnel wound to his lower right leg, an injury which he alleged that he suffered during his military service. The board denied his claim. Caluza appealed to the CVA, which vacated and remanded the board's decision. On remand, the board again denied Caluza's claim, holding that Caluza's evidence was not credible, and therefore not "satisfactory," as required by 38 U.S.C. § 1154(b) (1994). He appealed to the CVA, which then affirmed the board's decision denying his claim. The CVA interpreted the statute at length and held that "[i]n determining whether documents submitted by a veteran are 'satisfactory' evidence under section 1154(b), a VA adjudicator may properly consider internal consistency, facial plausibility, and consistency with other evidence submitted on behalf of the veteran." Caluza now appeals.
 
 
 4
 Under 38 U.S.C. § 7292(a), we have jurisdiction to review a decision of the CVA "with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [CVA] in making the decision." 38 U.S.C. § 7292(a) (1994).
 
 
 5
 On appeal, Caluza argues that the CVA misapplied 38 U.S.C. § 5107(a) and 38 U.S.C. § 1154(b). Thus, Caluza purports to challenge the CVA's interpretation of these statutes.[1] He does not specify with any particularity, however, how the CVA erred in holding that under § 1154(b) a VA adjudicator may properly consider the internal consistency, facial plausibility, and overall consistency of the evidence submitted on behalf of the veteran. His remaining arguments focus on factual issues over which we have no jurisdiction. Thus, because we find no error in the CVA's interpretation of the applicable statutes, we affirm its decision.
 
 
 
 [1]
 On October 20, 1995, we denied the government's motion to dismiss on this ground